UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ARCHDIOCESE OF MILWAUKEE,
           Appellant,

v.                                                   Case No. 14-cv-0848
                                                    WIEB No. 11-20059

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS,
           Appellee.
_____

## ORDER

Appellant Archdiocese of Milwaukee filed a motion for leave to appeal a decision of the bankruptcy court in its Chapter 11 bankruptcy pursuant to 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8003.[1] Specifically, it seeks leave to appeal the bankruptcy court's decision that it lacked subject matter jurisdiction to approve appellant's proposed reorganization plan pending an appeal in related litigation in the Seventh Circuit.

Appellant filed for Chapter 11 bankruptcy in January 2011. In June 2011, the Archbishop filed an adversary proceeding as trustee of the Cemetery Trust ("the Cemetery Trust litigation") seeking an order declaring that the Cemetery Trust's funds are not property of the Archdiocese's estate. In January 2013, the bankruptcy court granted partial summary judgment, concluding that the Religious Freedom and Restoration Act ("RFRA") and the First Amendment did not preclude inclusion of the Cemetery Trust in the Archdiocese's estate. The Archbishop appealed, and in July 2013, the district court reversed the bankruptcy court and instead granted summary judgment in favor of the

---

[1] Because appellant sought to appeal an interlocutory order, leave of the district court is required. *See* 28 U.S.C. § 158(a)(3).

Archbishop, concluding that RFRA and the First Amendment preclude inclusion of the Cemetery Trust in the Archdiocese's estate. The Committee of Unsecured Creditors appealed that decision to the Seventh Circuit, and at the time this motion for leave to appeal was filed, the Cemetery Trust litigation was still pending before the Seventh Circuit.

In February 2014, the appellant filed a proposed reorganization plan in the bankruptcy action. That plan included a provision for the settlement of the Cemetery Trust litigation. Appellee filed a motion arguing that the bankruptcy court lacked subject matter jurisdiction to consider the plan because it included settlement of the Cemetery Trust litigation, which was still pending before the Seventh Circuit. The bankruptcy court agreed and canceled the hearing that had been scheduled to confirm the plan. It is this decision that appellant seeks to appeal.

The issue presented on appeal is whether the pending appeal in the Cemetery Trust litigation stripped the Bankruptcy Court of subject matter jurisdiction to confirm appellant's proposed plan insofar as the plan provides for the settlement and dismissal of the Cemetery Trust litigation. Motion for Leave to Appeal at 7 (ECF No. 1). Since appellant filed its motion for leave to appeal, the Seventh Circuit decided the Cemetery Trust litigation, reversing the district court. *See Listecki v. Official Committee of Unsecured Creditors*, 780 F.3d 731 (7th Cir. 2015). The Cemetery Trust litigation has been remanded and re-referred to the bankruptcy court for further action. *See Archbishop Jerome Listecki v. Official Committee of Unsecured Creditors*, Case No. 13-cv-179, Amended Order at 1 (E.D. Wis. May 14, 2015). Further, the Archdiocese has put forth an amended reorganization plan, which the court will consider at a confirmation hearing scheduled for November. *In re Archdiocese of Milwaukee*, Case No. 11-20059, Scheduling Order at 2

(E.D. Wis. Bankr. May 18, 2015). Based on these developments, there no longer appears to be an active case or controversy. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987) ("Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was decided by the court whose judgment we are reviewing."). There is no longer a pending appeal and no longer a question as to whether the bankruptcy court has subject matter jurisdiction to move forward with the bankruptcy action. Thus, I will deny the motion for leave to appeal as moot and dismiss this matter.

**THEREFORE IT IS ORDERED** that the motion for leave to appeal (ECF No. 1) is **DENIED** as **MOOT** and this appeal is **DISMISSED.**

Dated at Milwaukee, Wisconsin, this 29th day of September, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge